IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN<br>216 F St., #131<br>Davis, CA 95616<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT<br>760 Horizon Dr.<br>Grand Junction, CO 81506<br><br>Defendant. | Case No: 22-2495 |

# COMPLAINT

## I.  INTRODUCTION

1.    Plaintiff American Wild Horse Campaign ("AWHC") brings this action

seeking declaratory and injunctive relief to redress violations of the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Bureau of Land

Management (hereinafter "BLM") in failing to provide AWHC with all non-exempt

records responsive to its November 10, 2021, FOIA request to this federal agency,

seeking records that discuss or describe BLM employee firearm and/or euthanasia

COMPLAINT

training as well as records that discuss or describe BLM purchases of captive bolt guns

for the period of from January 1, 2020 to November 10, 2021.

## II. JURISDICTION

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. §

552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.    Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.    Plaintiff, American Wild Horse Campaign, is a non-profit organization that, at

all times relevant herein, has been headquartered in Davis, California.

5.     Defendant Bureau of Land Management is federal agency of the United

States, and sub-component of the United States Department of the Interior, and as such, is

an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V.   LEGAL FRAMEWORK OF FOIA

6.    FOIA requires, *inter alia*, that all federal agencies must promptly provide

copies of all non-exempt agency records to those persons who make a request for records

that reasonably describes the nature of the records sought, and which conform with

agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.    FOIA requires federal agencies to make a final determination on all FOIA

requests that it receives within twenty days (excepting Saturdays, Sundays, and legal

– 2 –

COMPLAINT

public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.   FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.   FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.   FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.   Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.   Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.   5 U.S.C. § 552(a)(4)(E).

COMPLAINT

## VI. FACTUAL ALLEGATIONS

13.    On or about November 10, 2021, AWHC sent a FOIA request to the Bureau of Land Management (BLM), seeking records that discuss or describe BLM employee firearm and/or euthanasia training as well as records that discuss or describe BLM purchases of captive bolt guns for the period of from January 1, 2020 to November 10, 2021.

14.    On or about November 10, 2021, BLM sent an email to AWHC assigning Plaintiff's FOIA request number DOI-BLM-2022-000658.

15.    On or about December 20, 2021, AWHC sent an email to BLM requesting the expected date of release of records.

16.    On or about March 8, 2022, AWHC sent an email to BLM providing updated contact information for Plaintiff.

17.    On or about March 20, 2022, Plaintiff sent an email to BLM again requesting the status of its November 10, 2021, FOIA request.

18.    On or about April 21, 2022, AWHC sent another email to BLM again requesting the status of its November 10, 2021, FOIA request.

19.    On or about June 18, 2022, AWHC emailed BLM again requesting an estimated completion date to its November 10, 2021, FOIA request.

20.    On or about July 19, 2022, AWHC again emailed BLM requesting the status of its November 10, 2021, FOIA request.

– 4 –

COMPLAINT

21.    As of the date of the filing of this action Plaintiff AWHC has not received

any records which it requested in its November 10, 2021, FOIA request to the BLM.

**VII. CLAIMS FOR RELIEF**

22. AWHC realleges, as if fully set forth herein, paragraphs 1-21 previously set

forth herein.

23.    Defendant BLM has violated FOIA by failing to provide AWHC with all

non-exempt responsive records for its November 10, 2021, FOIA request.

24.    By failing to provide AWHC with all non-exempt responsive record to its

November 10, 2021, FOIA request as described in paragraph 13 above, Defendant BLM

has denied AWHC's right to this information, as provided by the Freedom of Information

Act.

25. Defendant BLM has violated FOIA by failing to perform an adequate search

reasonably calculated to locate all responsive records to AWHC's November 10, 2021,

FOIA request.

26. By failing to perform an adequate search reasonably calculated to locate all

responsive records to AWHC's November 10, 2021, FOIA request, Defendant BLM has

denied AWHC's right to this information, as provided by law under the Freedom of

Information Act.

27.    Unless enjoined by this Court, Defendant BLM will continue to violate

AWHC's legal rights to be provided with copies of the records that it has requested in its

– 5 –

COMPLAINT

FOIA request described in paragraph 13 above.

28.    AWHC is directly and adversely affected and aggrieved by Defendant BLM's failure to provide responsive records to its November 10, 2021, FOIA request described above.

29.    AWHC has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

30.    AWHV is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for AWHC, providing the following relief:

1.    Declare Defendant BLM has violated FOIA by failing to provide AWHC with all non-exempt records responsive to its November 10, 2021, FOIA request.

2. Declare Defendant BLM has violated FOIA by failing to complete an adequate search for records responsive to AWHC's November 10, 2021, FOIA request.

3. Direct, by injunction, that Defendant BLM perform an adequate search for records responsive to its November 10, 2021, FOIA request, and provide AWHC with all non-exempt responsive records to AWHC's November 10, 2021, FOIA request.

4.    Grant AWHC's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

– 6 –

COMPLAINT

5.    Provide such other relief as the Court deems just and proper.


DATED: This 19th day of August, 2022.

Respectfully submitted,

  /s/ Sean T. Malone
Sean T. Malone (OR0010)
Attorney at Law
259 E. 5th Ave, Ste 200-C
Eugene OR 97401
(303) 859-0403
seanmalone8@hotmail.com
**Attorney for Plaintiff**

COMPLAINT